(117 So. 277)

No. 29176.

MUSICK v. CENTRAL CARBON CO., Inc.

In re MUSICK.

May 7, 1928.

Matthew C. Redmond, of Monroe, for applicant.

Hudson, Potts, Bernstein & Sholars, of Monroe, for respondent.

OVERTON, J. P. Harvey Musick was employed by defendant, and, while discharging the duties of his employment, was burned on December 28, 1923, about the face, chest, and hands. He contracted pneumonia on or about February 1, 1924, and died on February 5th of that year, as a result of the pneumonia contracted. In April, 1924, his widow, in her own behalf, and as tutrix of her minor children, the issue of her marriage with the deceased, together with the defendant herein, petitioned the district court for the parish of Ouachita, which had jurisdiction of the claim of the widow and children for compensation, to authorize a compromise settlement thereof. In this petition it is alleged, in addition to the facts above stated, that immediately after the deceased received the burns he was sent to the St. Francis Sanitarium in Monroe, where he remained for two weeks, at the termination of which period he returned to his home, on the advice of his physicians, and remained there approximately two weeks, going to Monroe about three times a week to have his wounds dressed; that, while at his home, he contracted pneumonia, as stated above, on February 1, 1924, after which he was taken back to the sanitarium, where he died; that at the time the deceased was injured he was receiving sufficient wages to entitle him, under the laws of this state, then in force, to the maximum compensation of $18 a week; that one of the petitioners, the Central Carbon Company, Inc., denies liability for the death of the deceased, for the reason that the injuries received by the latter, while in its employment were not the cause of deceased's death; that petitioners have nevertheless agreed to settle the matter of compensation between themselves in the following manner, to wit:

"The Central Carbon Company, Inc., to pay the medical and hospital bills, amounting to two hundred and fifty ($250) dollars, to pay the sum of two hundred and thirty-four ($234) dollars for the time deceased lived and was unable to work, and to pay the sum of three thousand ($3,000) dollars for the death of the deceased. All of said sums to be paid in accordance with section 8, par. 2, subsec. J, of the Workmen's Compensation Law, to the widow for the common benefit of such widow and the above-named children."

The petition then sets forth that the Central Carbon Company has paid all of the foregoing items, except the one for $3,000, which it desires to pay, and which the remaining petitioner desires to accept in her own behalf and in behalf of her minor children, in full compromise settlement of any balance due on said claim.

The district court, after considering the foregoing petition, granted an order authorizing the compromise proposed, and payment was made in accordance with the order authorizing it.

Over two years after the foregoing compromise was effected the widow of the deceased in her own behalf, and as natural tutrix of her minor children, instituted the present suit to recover from the Central Carbon Company, Inc., $10,332, less the foregoing sum of $3,000, paid as the balance due under said compromise settlement, with legal interest thereon from judicial demand. In this suit the proceedings for a compromise settlement, outlined above, are made part of the petition by reference. It is also alleged that at the time the deceased was injured he was earning sufficient wages to entitle him to the maximum compensation of $18 a week; that the Central Carbon Company, Inc., paid the deceased from the date

of his injury up to the time of his death compensation at that rate; that, at the time of his death, there was due petitioners the sum of $18 a week for 277 weeks, making the aggregate sum of $5,166, due them at that time; that the compromise settlement, made over two years before, was nothing more than a lump sum settlement, and was made in contravention of law, for the reason that the discount was at a greater rate than 8 per cent. per annum, the rate provided for in section 8, par. 8, of Act No. 20 of 1914, as amended by Act No. 43 of 1922; that the discount should not have exceeded $1,050; that, however, it greatly exceeded that amount—in fact more than doubled it—that therefore the settlement made was made in violation of law; that the Central Carbon Company, Inc., having settled the claim for an amount in contravention of subsection 8 of section 1 of Act 43 of 1922, it is by the terms of that section liable to petitioners in double the amount that was due at the time the lump sum settlement was made, less the amount actually paid in that settlement, or $10,332, less the $3,000 paid, or a balance of $7,332, with legal interest thereon from judicial demand.

One of the pleas filed by the Central Carbon Company, Inc., to the foregoing petition is an exception of no cause of action. This exception presents the question, among others, whether the settlement alleged to have been made under the judgment, authorizing it, is binding on plaintiffs, or, in other words, whether that judgment was such a one as the court had power to render, as appears from the allegations of fact contained in the petition, and from those which, by reference to other proceedings, constitute part of the petition. Plaintiffs contend that it was not, and defendant contends that it was. The answer to the question depends largely upon a proper interpretation and application of certain sections of the Employers' Liability Act, Act No. 20 of 1914, as amended.

Section 17 of that act, as amended and re-enacted by section 17 of Act 38 of 1918, reads as follows:

"That the interested parties shall have the right to settle all matters of compensation between themselves. But all agreements of settlement shall be reduced to writing and shall be substantially in accord with the various provisions of this act, and shall be approved by the court. The agreement between employer and employee or his dependent shall be presented to the court upon joint petition of employer and employee or his dependent, which petition must be verified by both parties. The settlement so approved shall be immediately entered as the judgment of the court, and such judgment shall have the same force and effect and may be satisfied as other judgments of the same court."

On the other hand, subsection 8 of section 1 of Act 43 of 1922, this act being an amendment of the Employers' Liability Act, reads:

"The amounts payable as compensation may be commuted to a lump sum settlement at any time by agreement of the parties if approved by the court as solely and clearly in the interest of the employee or his dependent; provided that in making such lump sum settlement, the payments due to the employee, or his dependent under this act, shall not be discounted at a rate greater than eight per centum per annum. If such lump [sum] settlement be made without the approval of the court, or at a discount greater than eight per centum per annum, even if approved by the court, the employer shall be liable for compensation at twice the rates fixed in this act, and the employee or his dependent shall, at all times within five years after the date of the payment of the lump sum settlement, and notwithstanding any other provisions of this act, be entitled to demand and receive in a lump sum from the employer such additional payment as together with the amount already paid will aggregate twice the compensation which would have been due under this act, but for such lump sum settlement. But upon the payment of lump sum settlement commuted on a term agreed upon by the parties, discounted at not more than eight per centum per annum and with the approval of the court, the liability under this act of the

employer making such payment shall be fully satisfied, provided, that for the injuries scheduled in paragraphs 1 (d) and 2 of this section, no shorter term than therein set forth shall have been agreed upon."

Paragraph 1 (d), referred to in the closing lines of the foregoing excerpt, relates to the payment of·compensation where the employee loses a member of his body, and paragraph 2, also referred to therein, relates to cases where the injury results in death, in both of which instances the term during which the weekly compensation is payable is fixed by the designation of the number of weeks during which compensation must be paid.

The paragraph, or subsection, quoted above from the Act of 1922, was the provision governing lump sum settlements at the time the settlement in this case was made. The paragraph has since been amended and re-enacted by Act 85 of 1926, but the amendment, which chiefly affects the quantum of compensation to be paid as a penalty for violating the provision and the prescription applicable to the action to recover the penalty, does not affect the particular phase of the question, now under consideration; that is to say, the right of the court to authorize the settlement made.

■ Since the settlement made was effected at a lump sum, which when considered with reference to a rate of discount, if it be assumed that the deceased died as a result of the injuries received, greatly exceeds 8 per cent. per annum, the question arises whether the court had authority to authorize the settlement in the amount at which it was made. Section 17 of the Act of 1918, quoted above, unquestionably authorizes the parties at interest to effect an amicable settlement of the claim for compensation, with the approval of the court, provided the settlement be in substantial accordance with the Employers' Liability Act. On the other hand, paragraph, or subsection 8, of section 1 of the Act of 1922, quoted above, which was in

force when the settlement was made, prohibited a lump sum settlement at a greater discount than 8 per cent. per annum, and the settlement made partakes both of the nature of a lump sum settlement and of a compromise. This subsection, to a certain extent, operated as a limitation on the right to effect amicable settlements, for it, in effect, prohibited an amicable settlement in a lump sum at a greater rate of discount than 8 per cent. per annum where there was no room for dispute as to the extent of the injury, or that the injury was caused in the discharge of the employment, or as to the average weekly wage which the employee was earning at the time. But the subsection did not so operate as to prevent the parties at interest from effecting, with the approval of the court, under section 17 of the Act of 1918, an amicable and binding settlement of the claim for compensation, of the nature of a lump sum settlement, by way of compromise, under section 17 of the Act of 1918, where there existed ground for dispute, such, for instance, as where the employee was injured and later died, and the circumstances appeared such as to leave some doubt as to whether his death was a result of the injury, and the employer was asserting that it was not, although the amount of the settlement, had the employee's dependents brought suit and established that the injury was the cause of the death, would, when considered from the viewpoint of discount, have been at a greater rate than 8 per cent. per annum.

■ In the case before us, as appears from the facts alleged in the petition, and in the proceedings made part of it by reference, it appears that, at the time the settlement was authorized and made, it was a matter in dispute as to whether the death of the deceased was caused by the injury he received. The facts created some doubt as to whether or not it was. The death occurred over a month after the injury had been received. It oc-

curred after defendant had been discharged from the hospital as sufficiently well for him to return to his home, though with the understanding that he should visit the hospital two or three times a week to have his wounds dressed. Whether the pneumonia that the deceased contracted some two weeks after he returned home, which resulted in his death, was a consequence of the injuries he received, so far as appeared, was surrounded by doubt. In these circumstances, there was room for compromise, and the settlement made was binding. It was a substantial settlement, and one that cannot be said to be out of accord with the statute. The fact that defendant paid compensation to the deceased at the maximum of $18 a week from the time of the injury to his death does not amount, as apparently urged by plaintiffs, to an admission that the injury caused the death of the deceased. At best, the payments merely amount to an admission that compensation was due for the injuries received. Nor does the fact that defendant paid the amount of the settlement agreed upon, after it was authorized by the court, or that defendant agreed to the settlement upon the basis that the injury resulted in death, imply that it admitted that the death was in fact the result of the injury, and hence that there was no question at the time the settlement was authorized as to the cause of the death. The positions were taken, by way of compromise, after stating that defendant denied that the injury was the cause of death, merely to remove the differences existing between plaintiffs and defendant, and thereby reach a basis for settlement.

Our conclusion is that plaintiffs show no cause of action to recover the penalty, or any part of it, sued for by them.

For these reasons, the judgment under review is affirmed.