**YOUNG v. A. MARX & SON, Inc.**

No. 16940.

Court of Appeal of Louisiana. Orleans.

May 22, 1939.

Hubert M. Ansley and Peter G. Charbonnet, Jr., both of New Orleans, for appellant.

Leslie P. Beard, of New Orleans, for appellee.

JANVIER, Judge.

This is a suit for compensation. In his original petition plaintiff alleged that during the course of his employment by A. Marx & Son, Inc., on August 29, 1935, he suffered accidental injury ·to his left hand as a result of which he became permanently and totally disabled. He claimed to be entitled to compensation at the rate of $8.-93 per week for 400 weeks from that date. He also alleged that shortly thereafter, though he was still completely disabled, he was advised by defendant's physicians that he could return to work and that he attempted to do so, but that, on January 7, 1936, he sustained accidental injury to his right hand, as a result of which second injury he has again been permanently and totally disabled, and he claimed, as a result of this injury, to be entitled to compensation at the rate of $8.93 per week for 400 weeks, commencing January 7, 1936. He prayed for two awards, each for $8.93 a week for 400 weeks, the two periods, for the greater portion of each, running concurrently.

Defendant admitted the employment and the rate of pay and admitted, also, that plaintiff had sustained two injuries—one to his left hand and, later, another to his right hand—but maintained that he had recovered from both and had been paid all compensation due him for the two periods of disability and that all medical expenses had also been paid. Defendant also averred that, shortly after the second injury had been sustained, plaintiff, through his attorney, negotiated with defendant for the settlement of his claim for further compensation and that, as a result, payment of $100.00 was made to him in full settlement of any claim which he might˙ have for future disability.

After filing this answer, defendant filed a special plea of res adjudicata and a special plea of prematurity, contending in the former that the claim presented by plaintiff had been judicially acted upon in the judgment approving the compromise settlement, and˙ contending also, in the latter, that, until the compromise settlement should

be set aside, no suit based on the alleged disability could be prosecuted.

When defendant filed this answer and these special pleas, plaintiff, by amended petition, alleged that he had entered into the compromise agreement in ignorance of the fact that by it he terminated all right to claim further compensation, and he then reiterated his allegation that he had been completely disabled by each of the said accidents and he renewed his plea for compensation for 400 weeks based on each of the said accidents.

There was judgment dismissing plaintiff's suit and he has appealed.

The record shows that a compromise settlement was effected on April 13, 1936, and that, on the joint petition of plaintiff and defendant, this settlement was approved by the District Court and was duly recorded in the office of the Clerk of the Civil District Court in the record provided for that purpose, in Book 12 at Folio 381, and the record further shows that, under that compromise agreement, defendant paid to plaintiff $100.00 in cash. In the compromise agreement it is stated that "a dispute now exists between the parties to this agreement as to the extent and duration of the disability."

The record further shows that such a dispute did exist at that time, for plaintiff, on advice of counsel—which advice was based on the opinion of a medical expert—insisted that he would be permanently disabled, whereas defendant, acting also on the advice of other competent medical experts, was equally positive that the disability would be of very short duration. Under these circumstances there was no legal reason which prevented the parties from entering into a compromise agreement so long as no fraud was practiced and so long as plaintiff was fully advised as to his legal rights.

"There can * * * be no doubt that, where there are issues in dispute, a compromise may be made even though the amount paid is less than the claimant would have received had those issues been judicially determined favorably to the said claimant." Cagnolatti v. Legion Pants Co. et al., La.App., 186 So. 377, 380.

See, also, Reid v. Florio & Company, La. App., 172 So. 572, 574; Young v. Glynn, 171 La. 371, 131 So. 51; Musick v. Central Carbon Company, 166 La. 355, 117 So. 277; Horney v. Scott, La.App., 171 So. 172.

The record shows, by a stipulation between counsel, that plaintiff was paid ten weeks' compensation for the disability resulting from his first injury and eight weeks' compensation for the disability resulting from the second, which was sustained on February 4th and not on January 7th, 1936, as plaintiff alleged; that all medical expenses were paid and that, in addition thereto, plaintiff received $100 in compromise of such claim as might yet remain for such disability as might continue. At that time, as we have shown, there was a dispute as to the duration of this further period of disability and, under the authorities cited, there was nothing to prevent defendant from entering into the compromise agreement and from paying that amount in settlement of the claim which had not yet accrued.

Even if it now appeared that plaintiff has not recovered and that, therefore, the doctors who originally believed that his disability would be of short duration were in error, it would not follow that any fraud was practiced in effecting the settlement. If, at the time the settlement was entered into, defendant, acting on the advice of its doctors, in good faith believed that the disability would not continue for any substantial length of time, then there was no reason to prevent it from making such a compromise since there may always be a compromise when there is a bona fide disagreement as to the extent or duration of disability. Of course, if plaintiff, an ignorant laborer, had not been fully advised of his legal rights, then the compromise might have been vulnerable. But the record shows that he was fully advised respecting those rights. The attorney who had represented him up to that time testifies that he refused to handle the matter because he believed that plaintiff would be disabled for a very long time and that he so advised the plaintiff, but that the plaintiff dispensed with his services and employed the attorney who effected the compromise settlement and that attorney testified that he explained fully to plaintiff that the compromise settlement would completely terminate his right to claim further compensation.

The record also shows that, when the settlement agreement was signed by plaintiff, it was read to him in full and all of

the details were explained to him. There is not a syllable in the record to show that he did not fully understand the effect of the agreement of compromise when he entered into it.

Furthermore, there is at the present time considerable doubt as to whether plaintiff's injuries have had the permanent disabling effect which he now contends for. The judge a quo seems to have been of the opinion that the amounts paid to plaintiff in settlement of the two compensation claims and in compromise of the future claim were at least as much as plaintiff' would have been entitled to for the full period of disability, even had no settlement been made. Among the reasons for judgment is the following statement:

"On a trial of this case, after hearing the medical testimony and seeing the nature of the injuries sustained by the plaintiff, not only is this court satisfied that no fraud was practised upon the plaintiff, but that even if no settlement had been entered into between the parties, there is considerable doubt as to petitioner being entitled to any additional compensation over and above that which has been paid to him."

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is affirmed at the cost of appellant.

Affirmed.