**WALDING v. CALDWELL BROS. & HART.**

No. 5988.

Court of Appeal of Louisiana. Second Circuit.

Jan. 5, 1940.

John R. Hunter & Son, of Alexandria, and Julius T. Long, of Shreveport, for appellant.

Gist & Thornton, of Alexandria for appellee.

TALIAFERRO, Judge.

Plaintiff seeks to have annulled and set aside, on the grounds of error, etc., a judgment of the court a quo, rendered and signed on June 28, 1938, which approved a compromise agreement entered into between him and defendant wherein the asserted right of the former for workmen's compensation was involved and settled.

Defendant excepted to the petition as disclosing neither a cause nor a right of action, attaching thereto and making a part of same, all the documents and proceedings upon which the attacked judgment

was based. The exceptions were sustained and plaintiff appealed to this court.

The joint petition of the parties, under which said judgment was rendered, recites:

That on or about April 28, 1938, plaintiff, an employee of defendant, claims to have been struck on the left shoulder by a piece of falling lumber and was injured thereby, but that he made no immediate report of the alleged accident or injury to defendant's agents or officers; that physicians treated him for the alleged injury and discharged him on May 16, 1938, as being able to resume normal work; that defendant denies that plaintiff sustained any accidental injury in the course of his employment; suffered no disability whatever while so engaged and, therefore, is not entitled to any compensation whatever; but that since he has engaged counsel to assert his claim therefor, and in order to avoid further controversy and possible litigation, the uncertainty, costs and expense thereof, defendant and plaintiff " * * * have compromised their differences and dispute with reference to said claim by agreeing to settle and compromise same on the basis of payment to the said Willie L. Walding of Sixty ($60.00) Dollars in a lump sum, and the said Willie L. Walding has agreed, and does hereby agree to accept said sum in full settlement and satisfaction of all claims he may have against the said Caldwell Brothers & Hart, as a result of and growing out of his said claimed accidental injury; and the said Willie L. Walding further agrees to fully release, acquit and discharge the said Caldwell Brothers & Hart and its insurer, the American Employers Insurance Company, Ltd., from all liability for compensation, damages or otherwise on their part to him or any other person, as a result of his said claimed accidental injury; the said Willie L. Walding further agreeing, in consideration of the payment to him of Sixty ($60.00) Dollars hereinabove named, to refrain from bringing any further claims or actions against the said Caldwell Brothers & Hart, or their insurers, on account of any claimed accident sustained by him on or about April 28, 1938."

This petition was sworn to by plaintiff personally and by counsel of defendant. The judgment, pursuant to the compromise, tracks the above quoted portion of the petition. Plaintiff was paid the amount due thereunder.

The petition in the present suit describes the character of work plaintiff was performing when the alleged accident occurred on April 28, 1938, the nature and extent of the specific injuries claimed to have been sustained, and concludes by averring that the disability resulting therefrom is total and permanent. He sues for sixty-five per cent (65%) of his weekly wages when injured for a period of four hundred (400) weeks.

Plaintiff alleges that immediately after said accident, he consulted and was treated by physicians, who then, and for some time thereafter, regarded his injuries as trivial; that such physicians discharged him on May 16, 1938, as being able to resume his former line of work; that acting upon these representations of said physicians, he agreed to and entered into a settlement with defendant, which was approved by the lower court in proceedings No. 27,342, whereby he was paid sixty ($60) dollars. He attacks said settlement and the judgment approving same on several kindred grounds. A composite of the grounds now urged and relied upon is tersely set forth in the brief of his counsel, to-wit:

"That it was made in error on the part of both parties thereto, as to the extent of disability of the plaintiff; that both parties thought erroneously that claimant was only temporarily and partially disabled, when, as a matter of fact, he was permanently and totally disabled; that they relied upon the erroneous diagnosis and statements made therein by the physician, to the effect that your petitioner had suffered no disability * * *.

"That said settlement was not a compromise because petitioner was paid only the amount he contended was due then."

The procedure culminating in the judgment attacked is authorized by Sec. 17 of the Workmen's Compensation Law of this State, which reads as follows, to-wit: "That the interested parties shall have the right to settle all matters of compensation between themselves. But all agreements of settlement shall be reduced to writing and shall be substantially in accord with the various provisions of this act, and shall be approved by the Court. The agreement between employer and employee or his dependent shall be presented to the Court upon joint petition of employer and employee or his dependent, which petition must be verified by both parties. The

settlement so approved shall be immediately entered as the judgment of the Court, and such judgment shall have the same force and effect and may be satisfied as other judgments of the same court. [As amended by Act No. 38, Session Acts of 1918]."

■ The requirements of this law were strictly conformed to by the parties in petitioning the court to approve and ratify their compromise agreement. Transactions of this character, when not influenced or affected by fraud or fraudulent representations, may not lightly be disregarded or set aside. If this were not true, there would be meager incentive for such transactions. Concerning the effect of such agreements, Art. 3078 of the Civil Code is specific, to-wit: "Transactions have, between the interested parties, a force equal to the authority of things adjudged. They can not be attacked on account of any error in law or any lesion. But an error in calculation may always be corrected."

■ The petition in this case is barren of any charge, not even an intimation, that anyone practiced fraud or deception upon plaintiff in the confection of the compromise, or that he signed the same as a result of any wilful misrepresentation of facts to him. He consulted and was treated by a physician of his own choice and was represented in the settlement by counsel of his own selection. Surely he had the benefit of honest and impartial advice and counsel from both.

This court, during the past few years, has had before it several cases wherein judgments in compensation cases were sought to be annulled as having been procured through fraud practiced upon or fraudulent misrepresentations made to the injured workman, inducing him to agree to a purported compromise of his rights. In each instance, where the allegations were specific on the question of fraud, the cases were remanded for trial on the merits, if disposed of on exceptions tendered in the lower court; and, in those cases where trial on the merits was had, the judgments based upon the compromise were annulled,

if the allegations of fraud were proven, but were affirmed if such allegations were not sustained by satisfactory proof. McHenry v. Wall et al., La.App., 157 So. 632; Miller v. United States Fidelity & Guaranty Co. et al., La.App., 169 So. 259; Calhoun v. Louisiana Delta Hardwood Lumber Co., Inc., et al., La.App., 182 So. 362; Bradford v. New Amsterdam Casualty Co., La.App., 190 So. 210; Self v. Wyatt Lumber Co., La.App., 189 So. 327. See also Young v. Glynn, 171 La. 371, 131 So. 51; Guillot v. Louisiana Railway & Nav. Co., 166 La. 467, 117 So. 558; Fluitt v. New Orleans, T. & M. Ry. Co. et al., 187 La. 87, 174 So. 163.

In the Bradford case we specifically held that: "A compensation settlement, which was made in compliance and conformity with statutory authority and received required judicial sanction from court of competent jurisdiction, was valid and binding on parties, and would not be disturbed unless some degree of fraud attended its confection. Act No. 20 of 1914, § 17, as amended by Act No. 38 of 1918."

In the present case there existed a controversy between the parties on the question of disabling injury, and, if any, the extent thereof. Both sides advisedly agreed to the settlement. Both relied upon information provided by persons on whom they had the right to rely. All were in good faith. In these circumstances, even though there be error of fact, revealed only by subsequent developments, the parties are bound by their own solemn covenant, voluntarily consummated by them.

■ Cases of this character, the law was expressly designed to cover. That persons should, when possible, settle their differences by compromise, is not only a settled policy of the law, but a moral principle of it, which it obviously encourages. When differences are thus composed, the agreement takes on the character of the thing adjudged. Beck v. Continental Casualty Co., La.App., 145 So. 810.

The judgment appealed from is correct. It is hereby affirmed with costs.