McINNIS, Judge.
The demand in this case is that a judgment in suit No. 2528 on the docket of Madison Parish be annulled and set aside, and for judgment for compensation at the rate of $30 a week for 300 weeks plus 50% penalty or a total of $13,500, with legal interest, less a credit of $2750, and for $250 for funeral expense.
Defendants filed an exception of no cause and no right oí action, which was sustained and plaintiff’s suit dismissed. From this judgment plaintiff is prosecuting a devolu-tive appeal.
Undisputed facts, as disclosed by the record are that Jesse Jenkins, husband of Lucille L. Jenkins and father of the minors, Jesse Jenkins, Jr., born May 19, 1938 and Charlie Jenkins, born October 11, 1939, while driving a truck for J. O. Pemberton, a logging contractor for Chicago Mill & Lumber Company on October 16, 1951, was killed when a railroad train struck the truck. Jenkins was earning at least $44 a week.
On December 24, 1951, a joint petition was filed by the widow and defendants, in which the principal allegations are that petitioners have entered into a compromise agreement of settlement under the terms of the Workmen’s Compensation Act No. 20 of 1914 and all amendments thereto, LSA-R.S. of 1950/23:1021; 23:1271 and 23:1273.
In this joint petition it is alleged that plaintiff understands all her rights under the compensation law and has decided to enter into the compromise upon advice of an attorney of her own choosing, and that, in view of the bona fide dispute set forth in the agreement annexed, and in order to avoid litigation, they desire the court to approve the settlement. That as indicated in the agreement a dispute exists as to the right of plaintiff to claim compensation, the parties having agreed on a settlement whereby plaintiff will receive $2750 in full and complete settlement for the death of Jesse Jenkins.
*421 The agreement referred to contains not one word as to any dispute. The pertinent paragraph in said agreement reads as follows :
“Whereas, the said Lucille L. Jenkins is desirous of obtaining a final settlement of her claims for compensation, and in order to avoid litigation and a judicial determination of the rights of the respective parties, Chicago Mill and Lumber Company, J. O. Pemberton and their insurers have offered to pay the said Lucille L. Jenkins, in lump sum settlement, the sum of Twenty-Seven Hundred Fifty & 00/100 Dollars ($2750.00), which said amount, the said Lucille L. Jenkins, having been advised of her rights and being represented herein by counsel, desires to accept.”
The judgment rendered, in so far as it refers to any dispute between the parties, reads as follows:
“The Court having been fully informed in the premises and having personally discussed the proposed settlement with the plaintiff and her attorney, having advised the plaintiff of all her rights under the Workmen’s Compensation Laws of the State of Louisiana, and being of the opinion that there exists a bona fide dispute between plaintiff and defendants as to the issues asserted and denied and as to the nature and extent of the rights of the plaintiff; and this Court being further of the opinion that the compromise settlement is entered into in order to avoid litigation and in accordance with the provisons of the Workmen’s Compensation Laws of the State of Louisiana, as amended by Act 96 of the General Assembly of the State of Louisiana for the year 1942, and all laws amendatory thereof;” (emphasis ours).
The compromise agreement and the entire record in connection with the settlement will be searched in vain for any allegation as to the matter in dispute, excepting only the allegation that a dispute exists as to the right of plaintiff to claim compensation. No reason is set forth showing why she could not claim compensation. In all of the pleadings and agreement plaintiffs are referred to as the wife and children of Jesse Jenkins.
The exception of no cause and no right of action reads as follows:
“(a) That the joint petition entered into by Lucille Latchison Jenkins, both for herself and her minor children, and J. O. Pemberton, Chicago Mill and Lumber Company and Employer’s Mutual Liability Insurance Company of Wisconsin, with judgment therein rendered on the 24th day of December, 1951, was a compromise settlement in conformity with the Louisiana Workmen’s Compensation Act, Section 17, and was not a settlement of an undisputed claim of a discount of 8% per annum as provided by Section 8, Subsection 9 of the Act.
“(b) That the plaintiff’s petition herein contains no allegation of fact that constitute fraud or duress which would permit a judgment being rendered annulling the compromise joint petition.”
The parts of the compensation law applicable to cases such as this one are found in Act 96 of 1942, LSA-R.S. of 1950 Sections 23:1271 and 23:1273, reading as follows :
“Whenever a bona fide dispute exists between the employee or his dependents on the one hand, and the employer or his insurer on the other, as to liability or coverage under this Chapter, whether the injuries complained of are compensable, the existence, nature, extent or duration of the injury or disability involved, the amount of compensation due the injured employee, or his dependents, or cmy other matter or thing affecting the right of the claimant to recover compensation hereunder, the interested parties shall have the right to compromise and settle such bona fide dispute, including- the manner in which compensation is to be paid, by agreement to be approved by the court having jurisdiction.” (Emphasis ours.) - - -
“If the court believes the compromise agreed upon to bé fair'and equitable, *422 and that it was entered into primarily to avoid or to end litigation, it shall approve the same, and immediately enter it as the 'judgment of the court, and the said judgment shall not thereafter be set aside except for fraud or misrepresentation made or induced by the employer or his insurer. The judge may, however, refuse to approve the settlement if he does not believe that it does substantial justice to the parties.” (Emphasis ours.)
The allegations of the petition on which plaintiff hopes to set aside the settlement are contained in Articles 12 to 20, inclusive, reading as follows:
“12. Petitioner avers that in nei-their the joint petition for the alleged compromise settlement, the alleged agreement of compromise, the judgment approving and homologating said alleged agreement, the petition praying for the court’s authorization of the compromise settlement, or the final judgment authorizing petitioner, individually and as the mother of said two minor children, Jesse Jenkins, Jr., and Charlie Jenkins, set forth a reason for said compromise agreement of settlement except the bald allegation in said proceedings that there existed a bona fide dispute between the parties; the nature and character of the alleged dispute is not shown in the proceedings or even a suggestion of the nature and character of the dispute.
“13. Petitioner avers that shortly after the death of her husband, Jesse Jenkins, Sr., the agent and representative of the insurer of decedent’s employers, told her that Jesse Jenkins, Sr., had been previously married and undivorced and further that she was not legally married to him and that, therefore, neither she nor the two children could legally collect anything whatever for his death, but that the insurance company was willing to pay her for her use and the use and benefit of said two minor children the sum of $2,750.00, which would be in full settlement of all claims as a result of the death of her husband, and further stated that if she did not accept said amount neither she nor her said two children would get anything whatever.
“14. Petitioner avers that she did not employ a lawyer to represent her in the prosecution of her claim and that of her two children against the employer of her husband, and that no one advised her of the nature and extent of her rights and the rights of her two children, and that she was not represented in the proceedings by an attorney of her own choice, but was represented by an attorney appointed to her. That petitioner believes and, therefore, avers that said attorney so appointed made no investigation of her case as to the law, the jurisprudence, or the facts, and that she and her minor children were not in reality represented by counsel in said compromise settlement.
“15. Petitioner avers that not having legal counsel to advise her as to her rights, and the rights of her two children, and believing to be true the representations made by the agent of the employer’s insurer that she could not legally collect any sum whatever for herself and said children, and being without means of support for herself and her two children, and fearful that if she did not accept said offer, that she and her two children would be penniless and in destitute circumstances, she was wrongfully induced by the aforesaid misrepresentations of the insurer’s agent into entering into said purported compromise agreement of settlement.
“16. Petitioner avers that it was common knowledge in the locality where Jesse Jenkins, Sr., lived at the time of said accident and death, that he and petitioner lived together as husband and wife and that the two minor children, Jesse Jenkins, Jr., and Charlie Jenkins, lived in the house with their mother and father and that petitioner and said minor children were all dependent members of the deceased employee’s family.
“17. That the Chicago Mill and Lumber Company, J. O. Pemberton, *423 and the Employer’s Mutual Liability Insurance Company of Wisconsin, knew that the petitioner and her said two children were dependent members of the deceased employee’s family, a fact notorious in all neighborhoods and localities where petitioner, her two children, and the said Jesse Jenkins, Sr., had lived and resided, and particularly was it common knowledge in the neighborhood where the said Jesse Jenkins, Sr., and his family resided at the time of his death, that petitioner and her two children were dependant members of decedent’s household.
“18. Petitioner avers that at the time of the death of Jesse Jenkins, Sr., she and her two children were dependent members of the family of the deceased employee; petitioner bearing to decedent the relationship of wife, and Jesse Jenkins, Jr., and Charley Jenkins hearing the relationship of his own children.
“19. Petitioner avers that under the provisions of the Workman’s Compensation Statute, the jurisprudence of the State of Louisiana, and the incontrovertible facts of dependency in this case there could not be a bona fide dispute, controversy, or conflict in claims between the parties. ■
“20. Petitioner avers that there being no legal grounds for a dispute, controversy or conflict in claims involved, the so called compromise settlement was nothing more than a lump sum settlement, and was made in con- ’ travention of the provisions of the Workman’s Compensation Statute for the reason that the discount was at a greater rate than eight (8%) percent per annum, the rate provided in Act 20, of 1914 as amended.”
For the purpose of the exception all well pleaded allegations of fact are taken as true. It is contended by defendants that the petition contains no allegation of fraud and no allegation of deception or misrepresentation. If, as alleged, the agent.of the insurer told plaintiff that her husband had a living wife at the time of marriage to her and that she nor the children could collect anything, it seems clear that he was guilty of misrepresentation of the law, certainly as to the children, and, if she believed this representation, it must have influenced her to accept the settlement.
Whether or not she will be able to prove this and other allegations of the petition, we are convinced that she should have an opportunity to try.
The cases cited by the defendant are not applicable to the facts as here alleged. The case of Horney v. Scott, La.App., 171 So. 172, involved an attempt to set aside a compromise settlement in a hernia case, in which there was serious dispute as to whether or not plaintiff sustained a hernia while working for defendant.
In the case of Musick v. Central Carbon Co., 166 La. 355, 117 So. 277, the man sustained burns on December 28, 1923 and contracted pneumonia February 1, 1924 and died four (4) days later. There was serious dispute there as to whether or not the burns he sustained had any connection with his death and, in 'both of these cases, the settlements were upheld.
The case of Moss v. Drost, 130 La. 285, 57 So. 929, involved a land boundary and we can see no connection it might have with the present case.
• For all these reasons, the judgment appealed from is annulled and set aside and it is now ordered that this cause be remanded to the district court for further proceedings according to law and consistent with the views herein expressed.
Defendants to pay the cost of this appeal. All other costs to await final determination of this cause.