AYRES, Judge.
The object of this action, instituted by Lucille L. Jenkins, individually and on behalf of her two minor children, is to annul and to have decreed 'null and void a certain compromise settlement of her claim and that of her two minor children for compensation alleged to have been due them because of the death of Jesse Jenkins, Sr., on November 16, 1951. Additionally, plaintiff prays that on the annulment of said proceedings, she, individually and on behalf of said minors, be awarded compensation in a lump sum, computed at $30 per week for a period of 300 weeks, plus a penalty of 50 percent thereof, with legal interest thereon, together with $250 funeral expense, less a credit of $2,750 paid in accordance with the provisions of the aforesaid settlement.
The deceased was an employee of J. O. Pemberton, a logging contractor for the Chicago Mill & Lumber Company. Pem-berton, his aforesaid principal and the workmen’s compensation insurance carrier, Employers Mutual Liability Insurance Company, were made defendants. While discharging duties of his employment as a truck driver, Jenkins was killed in a collision between a log truck driven by him and a freight train of the Illinois Central Railroad Company. His survivors are the above *777 named plaintiff and two sons, Jesse Jenkins, Jr., aged 13 years, and Charley Jenkins, aged 11 years.
This is plaintiff’s second appeal to this court, the first was from a judgment sustaining an exception of no cause or right of action. 65 So.2d 420. The present appeal was taken after a trial on the merits from a judgment sustaining a plea of res ad judicata.
As a basis for this suit, plaintiff alleges that no bona fide dispute existed as a prerequisite for such a voluntary compromise settlement; that she was not represented in such proceedings by an attorney of her choice but by an attorney appointed by the court, who, from belief, she alleged made no investigation of her claims either as to the facts or law; that she was induced by fraudulent misrepresentations of the adjuster of the employer’s insurer to enter into said agreement and into accepting a smaller sum than she was entitled to in settlement of said claim by the agent’s assertion that plaintiff was neither the legal nor putative wife of the deceased because the said deceased had been previously married and un-divorced, and that said minors were, illegitimate and did not live with nor constitute a part of the family or household of the said Jesse Jenkins, Sr., at the time of his death.
Plaintiff contends, however, that at the time she married the deceased she had no knowledge of his prior marriage and that after their marriage they lived together as man and wife and supported their two children, who, until seven or eight years prior to his death, lived with them at their residence, but that after they established their residence in the quarters of the Chicago Mill & Lumber Company at Tallulah, there was insufficient room for said children, on account of which they remained with their grandmother, supported, however, from their father’s earnings.
Defendants denied plaintiff’s charges and asserted the validity of the compromise settlement-and its approval by the judgment of a competent court as constituting res adju-dicata and as a bar precluding recovery herein by plaintiff. Defendants specifically contend that a bona fide dispute existed between the parties for the reason plaintiff claimed she was entitled to recover compensation as the legal wife, or, at least, the putative wife, of the deceased and the children as his legitimate children, or, in any event, as members of his family, which claims defendants denied, contending that plaintiff was not the legal nor putative wife of the deceased because she allegedly married him or lived with him with full knowledge that he had been previously married and not divorced; that the children were not the children of the deceased; that they did not reside with the deceased and plaintiff at the time of his death, were not members of his family or household, and were not supported by him; that on the submission of the proposed settlement to the court for its consideration, a qualified attorney was appointed by the court to represent plaintiff and her minor children, and that said settlement was only approved after said attorney discussed the facts and law with the plaintiff, and, further, only after having been brought before and questioned by the district judge, who approved said settlement as being fair and equitable and doing.justice between the parties.
For an investigation, the insurer, soon after the death of Jesse Jenkins, Sr., referred this matter to their adjuster, Gene Love, who immediately commenced his investigation and contacted the plaintiff approximately four days following the accident, at which time he obtained a written statement from plaintiff, dated November 20, 1951, wherein she stated, among other things, that she and Jesse .Jenkins, Sr., were married November 20, 1938; that neither had been previously married and that two children were born of their marriage, who were living with them at the time of her husband’s, death. Whereupon, it was explained that it would be necessary to make an investigation of the facts relative to the accident and death of her husband, as well as to her dependency upon the deceased and that of the two children. Request was made-of plaintiff for a copy of her marriage license and birth certificates of the children. These documents were not furnished by *778 plaintiff and their existence could not be determined by Love in his investigation. In the course of his investigation, however, Love found that the children were not living with plaintiff and the decedent at the time of his death nor had they lived with them during the course of several years that plaintiff and decedent lived at Tallulah. While making a search of the public records for a record of the marriage of plaintiff and decedent, the adjuster found a record of the marriage of Jesse Jenkins to Ethel Mercy on December 19, 1936. A further search revealed no divorce between them.
The information thus obtained being clearly contradictory to plaintiff’s statement of November 20, 1951, the adjuster again contacted plaintiff on December 7, 1951, at which time she made another statement wherein she admitted that she and Jesse Jenkins, Sr., were not living together or married when Jesse Jenkins, Jr., was conceived; that before they were married she knew that Jesse had been married to Ethel Mercy and that she did not know at the time of their marriage whether a divorce between them was obtained or not. By this second statement, it would be most difficult to believe that plaintiff did not know that Jesse Jenkins, Sr., had been married to Ethel Mercy. The position taken by plaintiff was that she had no knowledge that Jesse Jenkins and Ethel Mercy were married, saying that she was told of the marriage by the investigator, after which she admitted that she knew nothing of a divorce between those parties.
That Jesse Jenkins and Ethel Mercy w'ere married was established by the marriage record filed in evidence. Moreover, Ethel Mercy testified they were married; that plaintiff was aware of that fact, and that Jesse Jenkins, as well as the plaintiff, discussed with her the intention of their marriage for the purpose of ascertaining whether or not she, Ethel Mercy, objected.
The adjuster learned by interviewing Pemberton, Jenkins’ employer, that no children lived with the deceased and Lucille during the years that he was employed as a truck driver.
Additionally, the record reflects that the attorney appointed by the court to represent plaintiff and her minor children in connection with the compromise agreement and settlement, after accepting said appointment, very carefully reviewed the documents of the adjuster’s file pertaining to this matter. He discussed the facts and the law at length with plaintiff, after which they returned to the judge’s office, whereupon another discussion took place, when, at first, plaintiff denied that she had knowledge previous to her marriage that her husband was married to Ethel Mercy, but later admitted the same in much the same manner as was done in the two statements signed by her.
The court has before it primarily one issue for determination, that is, whether the voluntary compensation settlement entered into by plaintiff, individually and on behalf of her minor children, was founded on a bona fide dispute at the time of the settlement and whether fraud or misrepresentation was practiced by the employers or their insurer. We are not, therefore, particularly concerned with whether plaintiff, Lucille L. Jenkins, was either a legal or putative wife of the deceased, Jesse Jenkins, Sr., and as such, in either capacity, entitled to compensation under the Act, nor whether the two children were members of his household, but, rather, we are concerned with the facts of this case as existed at the time the settlement was agreed upon and the compromise effected. Our concern is whether or not such facts showed the existence of a bona fide dispute and whether or not fraud or misrepresentation was practiced on her by the employers or their insurer.
The trial court concluded from the record that it was established that a marriage was celebrated between Lucille L. Jenkins, plaintiff, and Jesse Jenkins, Sr., the deceased, notwithstanding no marriage license was presented and no issuance or recordation thereof was shown. Such marriage is shown by the testimony of persons who witnessed the celebration, particularly by Sam Henry and Myrtis Henry, who participated with plaintiff and her husband in a double marriage celebration. Sam Henry produced *779 the original of his and his wife’s marriage record, which was shown not to have been recorded.
On the question of plaintiff’s good faith in contracting said marriage, the trial judge found that the deceased, prior to his marriage to plaintiff, had been married to Ethel Mercy and that said marriage had not been dissolved by a divorce or otherwise, and that plaintiff’s testimony, considered together with her two affidavits, strongly indicated that she did have at the time of her marriage some definite knowledge of a previous marriage of Jesse Jenkins which had not been dissolved by a subsequent divorce. From this it was concluded that plaintiff was in bad faith and, therefore, she was neither a legal nor putative wife of the deceased. The trial court found, however, that Jesse Jenkins, Sr., was supporting plaintiff as his wife and the two minor children as his own, but concluded from the facts and circumstances disclosed by the record that it was a matter of no consequence that the children were not, at all times, under the parental roof. We are impressed with the accuracy of these conclusions.
However, as we view the situation it matters not whether, as a fact, Lucille Jenkins and Jesse Jenkins, Sr., were legally husband and wife, or that Lucille Jenkins married said decedent in the utmost good faith and was, therefore, a putative wife, or whether the two minor children actually, and in fact, constituted with their father and mother a family group and were actually dependent upon their father for support. The predominant factor is whether or not there was actually, and in fact, a bona fide dispute between plaintiff, individually and as representative of the minors, and her husband’s employers and their insurer as to such facts.
Attention is now directed to the provisions of the Workmen’s Compensation Statute authorizing voluntary settlement of claims. LSA-R.S., Title 23, §§ 1271, 1272 and 1273 read as follows:
“§ 1271. Right of parties to settle or compromise
‘Whenever a bona fide dispute exists between the employee or his dependents on the one hand, and the employer or his insurer on the other, as to liability or coverage under this Chapter, whether the injuries complained of are com-pensable, and existence, nature, extent or duration of the injury or disability involved, the amount of compensation due the injured employee, or his dependents, or any other matter or thing affecting the right of the claimant to recover compensation hereunder, the interested parties shall have the right to compromise and settle such bona fide dispute, including the manner in which compensation is to be paid, by agreement to be approved by the court having jurisdiction.
“§ 1272. Approval of compromise by court
“The agreement entered into between the employee or his dependents and the employer or his insurer, shall be presented to the court for its approval upon a joint petition verified by all parties thereto. The judge to whom the petition is presented shall, in every case, discuss the settlement and its terms with the employee or his dependents. When the employee or his dependents are not represented by a lawyer the judge shall appoint one to advise them relative to the proposed compromise settlement. A reasonable fee for such services shall be fixed by the court and when taxed as costs, it shall not exceed the sum of fifteen dollars. The judge shall require such proof of the dispute between the parties, and of the other facts set out in the joint petition as he thinks proper.
“§ 1273. Judgment of compromise
“If the court believes the compromise agreed upon to be fair and equitable, and that it was entered into primarily to 'avoid or to end litigation, it *780 shall approve the same, and immediately enter it as the judgment of the court, and the said judgment shall not thereafter be set aside except for fraud 'or misrepresentation made or induced by the employer or his insurer. The judge may, however, refuse to approve the settlement if he does not believe that it does substantial justice to the parties.”
The article appearing next hereinabove is quoted as it appeared at the time of the decedent’s last employment and death and when said compromise was consummated.
Voluntary settlements, under the Workmen’s Compensation Statute, based on a bona fide dispute, are authorized when presented on.joint petition of the parties and reduced to judgment. When judgment has .been rendered approving and consummating such settlement and compromise, it cannot be set aside except for fraud or misrepresentation. Self v. Wyatt Lumber Co., Inc., La.App., 189 So. 327; Walding v. Caldwell Bros. & Hart, La.App., 193 So. 501, 503; Calhoun v. Louisiana Delta Hardwood Lumber Co., Inc., La.App., 182 So. 362; Racine v. Campti Lumber Co., La.App., 43 So.2d 288.
Louisiana Workmen’s Compensation Law and Practice by Malone (Sec. 387, Pages 507-512) states:
“Whenever there exists a bona fide dispute the parties are authorized to enter into a comprondse agreement which, upon being approved by the district court, is reduced to judgment. When this has been done, the judgment cannot be set aside except for fraud or misrepresentation. The provision for compromise has been distinguished on many occasions from the provision authorizing a lump sum settlement. Under the latter type of agreement it is assumed that there are no differences between the parties; and the sole purpose of the arrangement is to avoid continuous weekly payments. On the other hand, a compromise derives its very validity from the existence of differences,• and its purpose is to offset the fear of loss by the chance of gain.
“Any bona fide dispute with reference to the applicability of the Act will furnish sufficient ground for a valid compromise agreement. A disagreement as to whether the claimant was an employee is sufficient, and the same is true where the employer claims that the work of the employee was not part of the employer’s regular business, or that the employer’s business was not included within compensation coverage. Similarly, the parties may compromise differences of opinion as to whether the accident occurred during the course of the employment, or whether the injury or death was caused by an employment accident. In the same way, a valid compromise may be made where the claimant's .dependency on the deceased worker is questioned, or where the employer claims to have a defense against the suit. In fact, any dispute on the question as to whether the employer is liable for any compensation whatsoever may be compromised. The judge, however, may refuse to approve the settlement if he does not believe that it does substantial justice to the parties.
* * # * * *
“When the compromise agreement based upon a dispute has been approved by the court and translated into a judgment it cannot thereafter be set aside except for fraud or misrepresentation made or induced by the employer or his insurer. . Ignorance of the complainant or the employer, or both, concerning the worker's true condition is not sufficient to upset such an agreement. Similarly, the fact that the amount paid is trivial in light of the worker’s ultimate physical condition will not invalidate the compromise. However, where fraud inducing compromise is alleged in the suit for additional compensation the court will usually overrule an exception of no cause of action *781 and permit a trial of the issue on its merits.” (Emphasis supplied.)
On plaintiff’s behalf, her rights and that of the children under the Compensation Act and under the jurisprudence interpreting the provisions thereof as to a putative wife and the illegitimate children are emphasized, both by oral argument and in brief. It is, however, conceded by defendants, and correctly so, that a putative wife is entitled to compensation under the statute as is an illegitimate child forming part of the household.
In Eason v. Alexander Shipyards, La.App., 47 So.2d 114, 116, the court said:
“ * * * as it is the settled jurisprudence of this state that a woman, who was in good faith when she married, and remained so until her husband’s death, is, as a putative wife, entitled to claim the benefits due a widow under the Workmen’s Compensation Act. Jones v. Powell Lumber Co., 156 La. 767, 101 So. 135. See also Rollins v. Foundation Co., La.App., 154 So. 674, wherein a putative wife and her children were allowed to recover; and Fulton Bag & Cotton Mills v. Fernandez, La.App., 159 So. 339.”
On the other hand, it is well settled that a common law wife is not entitled to compensation as the wife or as a dependent member of the family. Moore v. Capitol Glass & Supply Co., La.App., 25 So.2d 248; Patin v. T. L. James & Co., Inc., La.App., 39 So.2d 177. Too, illegitimate children are entitled to recover only as members of the household and not otherwise. Thompson v. Vestal Lumber & Mfg. Co., 208 La. 83, 22 So.2d 842. Children not living with the father must prove dependency as a “fact”. Moy v. Schuylkill Products Co., 209 La. 782, 25 So.2d 542; Haynes v. Loffland Bros. Co., La.App., 34 So.2d 80, affirmed by Supreme Court, 215 La. 280, 40 So.2d 243. Therefore, the disagreement between plaintiff and defendants concerning the validity of the marriage and whether the children formed a part of the household of the deceased was founded upon a reasonable and substantial basis .and constituted a valid bona fide dispute.
The record is replete with evidence showing the existence of a reasonable and substantial basis justifying serious doubt as to the legality of plaintiff’s marriage or that she was a putative wife of the deceased or that the minors constituted a part of decedent’s household at the time of his death. This is sufficient to support a judgment approving a compromise settlement, when the statutory procedural prerequisites have been complied with. That such procedural requirements were substantially followed was amply proven. A joint petition was presented to the court for its consideration, after which, being unrepresented, an attorney at law was appointed to represent plaintiff and the two minor claimants. The attorney held a conference with plaintiff, reviewed the record and entire file of the defendants containing the affidavits and other documents, which were later presented in its defense herein, and then advised plaintiff as to her rights, following which a conference was held with the district judge, who, after considerable discussion, approved the settlement.
Plaintiff is, therefore, endeavoring to annul a judgment of a competent court of-this state, rendered and signed after compliance with all statutory formalities. In Walding v. Caldwell Bros. & Hart, supra [193 So. 503], this court, in sustaining defendant’s exception of no right or cause of action in a suit brought by plaintiff to annul a compromise settlement under the Workmen’s Compensation Statute, held: '
“The requirements of this law were strictly conformed to by the parties in petitioning the court to approve and ratify their compromise agreement. Transactions of this character, when not influenced or affected by fraud or fraudulent representations, may not lightly be disregarded or set aside. If this were not true, there would be meager incentive for such transactions.” '
*782 The allegations of fraud, misrepresentations or imposition are serious charges, the truth of which- must be established, as any other fact in the case, by a preponderance of the evidence. Calhoun v. Louisiana Delta Hardwood Lumber Co., Inc., supra; Cagnolatti v. Legion Pants Co., La.App., 186 So. 377; Young v. A. Marx & Son, Inc., La.App., 189 So. 167; Self v. Wyatt Lumber Co., Inc., supra; Bradford v. New Amsterdam Casualty Co., La.App., 190 So. 210.
The trial court found no fraud or misrepresentation in the proceedings. The record reveals that the adjuster exercised diligence in ascertaining the facts pertaining to this case. His findings were subsequently substantiated by the testimony introduced on the trial of the case. The evidence does not support plaintiff’s claim that she was threatened or coerced into accepting the settlement offered. By her own efforts and request the settlement was raised $250. Neither has it been established by a preponderance of the evidence that plaintiff was told if she did not accept the offer she would not receive anything. Her testimony on this point was denied by Gene Love, the adjuster, Rufus T. Yerger, defendants’ attorney, who prepared the settlement, and Frank Voelker, Jr., the attorney appointed by the court to represent plaintiff and her minors in making said compromise settlement. The trial court, from the many contradictions in her testimony, found plaintiff was unworthy of belief. In the absence of fraud, ill practice or misrepresentation, settlements made under and in compliance with the provisions of the Act are valid and binding on'the parties and beyond successful attack. Horney v. Scott, La.App., 171 So. 172; Self v. Wyatt Lumber Co., Inc., supra.
The established jurisprudence of this State in determining whether issues are in dispute as a basis for compromising an employee’s claim for compensation is that the outcome of the dispute, had the matter gone to trial, need not be considered. The decision rests solely on whether there were reasonable grounds for dispute. Cagnolatti v. Legion Pants Co., supra; Musick v. Central Carbon Co., 166 La. 355, 117 So. 277; Young v. A. Marx & Son, Inc., supra.
In the Cagnolatti case it was stated [186 So. 380]:
“There can, then, be no doubt that, where there are issues in dispute, a compromise may be made even though the amount paid is less than the claimant would have received had those issues been judicially determined favorably to the said claimant.
“It thus becomes necessary that we determine whether any fraud or misrepresentation was resorted to, and, if not, whether there were any issues in dispute when the compromise settlement was made by the parties and approved by the court.
******
“The evidence on this question— whether or not he had been told to wait or whether he was required to wait— is quite contradictory, and, were that question before us now, we would find it difficult to reach a conclusion. But that is not the question which we must decide, for, in determining whether there was room for legitimate dispute, we do not have to go so far as to reach a conclusion as to what would have been the outcome of the dispute had the matter gone to trial. All that we are called upon to decide is whether there were reasonable grounds for dispute. If there were, then, a compromise was justified and authorized by law, and, since even after reading all of the evidence we find the question doubtful, it is quite certain that there was a disputed issue and that, therefore, a compromise was authorized." (Emphasis supplied.)
The legality of the settlement approved December 19, 1951, must be tested in the light of the circumstances existing at that time. Puchner v. Employers’ Liability Assur. Corporation, Limited, 199 So. 799 (Annulled on other grounds), 198 La. 921, 5 So.2d 288; Griffin v. Coal *783 Operators Casualty Co., La.App., 84 So.2d 481.
In Eaglin v. Southern Kraft Corp., La. App., 200 So. 63, 67, plaintiff, a widow, sought to annul a compromise compensation settlement wherein she had accepted $2,000 for the death of her alleged husband. She alleged that no bona fide dispute existed. The dispute resolved about the true marital relationship that had existed between plaintiff and decedent. In an opinion reviewing plaintiff’s demands, it was stated by this court:
“If plaintiff’s marriage to the deceased was valid, or, if invalid, and she enjoyed the status of putative widow, she was entitled to compensation for three hundred weeks, the total of which, under either contention as to amount of weekly payments, would be materially in excess of $2,000; but, regardless of the prudence or imprudence of acting as she did, her rights against the defendant and the issues between them have passed into the realm of things adjudged; if the compromise was legally confected. Massey v. W. R. Pickering Lumber Company, 136 La. 688, 67 So. 552; Sellwood v. Phillips, 185 La. 1045, 1048, 171 So. 440.
“Subsequent developments revealing errors of law bn the part of either or both contractants and/or acceptance of less than was really due, are in themselves impotent to disturb the status of relations fixed, in good faith, by the parties. It is highly important that this be true. If it were not so, compromise would be more often than not, idle gestures.”
Our diligent and most painstaking review of the record and study of the issues presented for determination disclose no manifest error on the part of the trial court or in the judgment rendered. Our conclusion is that the compromise settlement was based upon a valid and bona fide dispute as to whether plaintiff and her minor children were entitled to compensation on account of the death of Jesse Jenkins, Sr., consummated in good faith by all parties, and, therefore, without fraud, misrepresentations or ill practices on the part of the employer, or his principal, or his insurer, or on the part of any attorney concerned therein.
For these reasons, the judgment appealed is affirmed at appellant’s cost.
Affirmed.