DENNIS ROOKS *v.* MARY WILLIAMS, Administratrix, and Sheriff.

Allegations that a judgment was obtained through fraud and other ill practices, are too general to authorize the arrest of its execution.

Where a judgment is sought to be executed after the person's death, in whose favor it was obtained, it is not necessary that the *fi. fa.* should issue in the name of the deceased person's legal representatives.

Where a case is tried upon an exception alone, the allegations in the petition are taken as true, except where evidence has been admitted on the trial, which negatives the truth of those allegations.

APPEAL from the District Court of the parish of Morehouse, *Mayo*, J.

*S. G. Parsons*, for plaintiff and appellant. *Todd & Bryham*, for defendant.

COLE, J. This action is instituted to annul a judgment rendered in the District Court of Morehouse, in the suit of *J. C. Williams* v. *Rooks & Douglas*, which judgment was affirmed by the Supreme Court.

The grounds of the petition will be considered in their order.

1. " Because no legal citation was served on the defendant, *Rooks.*" It is a sufficient answer to this to state, that an answer was filed by *Rooks* and his co-defendant.

2. " No issue was joined, either legal or tacit." This is contradicted by the answer of *Rooks & Douglas.*

3. " Because the judgment sought to be annulled was obtained through fraud and other ill practices on the part of *J. C. Williams.*" This allegation is too general to authorize the arrest of the execution of a solemn judgment.

In the same petition plaintiff obtained a writ of injunction, based upon the following additional grounds :

1. " That the *fi. fa.* improperly issued in the name of *J. C. Williams*, instead of his legal representatives."

This could not injure plaintiff, for he could have been relieved of all difficulty as to the legality of the execution, by paying the judgment to the administrator of *J. C. Williams* or to his legal representatives.

2. " That the execution issued for the recovery of rent for an improvement on public land, which had not been in possession of plaintiff since February, 1855, and which land had been sold by the government of the United States to one *Z. Mills.*"

This objection was one to be considered in the original suit, and is not a ground for an injunction.

Without then taking into consideration the peremptory exception filed by defendant, we think that the injunction could have been dissolved.

Plaintiff avers, that as the suit was tried on an exception alone, that all the allegations in his petition are to be taken as true.

This is generally correct; but in this case evidence was admitted, which negatived the allegations in plaintiff's petition.

The injunction was dissolved with twenty per cent. damages ; there is no error in the same.

Judgment affirmed.