BLANCHARD, J.
Plaintiff was injured while engaged in the work of transferring a boiler, ordered for defendant company’s compress, from the railroad platform to and into the boiler house adjacent to the platform.
He was a fellow laborer with Bebee Kim-bell, who was killed in the same accident.
Kimbell’s parents sued the compress company. The two suits — that one and this one —were filed at the same time.
Growing out of the same occurrence and dependent on the same state of facts, the two suits were consolidated and tried together.
The opinion of the Court this day handed down in the Kimbell Case, 109 La. 963, 34 South. 39, gives the facts, and it is unnecessary to restate the same here.
AVe held the defendant company liable in the Kimbell.Case, and the same ruling would be made herein were it not for a feature in the instant case absent from the other.
The accident occurred on October 3, 1900. On November 17, 1900, the Compress Company, in response to the importunities of Kelly (the plaintiff) for money, handed him $25.00, which he received in full payment for the time he had lost and the medical bill he had incurred by reason of the injury he had received in the accident aforesaid.
He acknowledged in writing the receipt of this money, which was stated to be paid as a matter of charity and not in recognition by the company of any legal obligation on its part; and the further statement is made in the receipt that the accident in which Kelly was injured occurred through no fault or negligence on part of the company.
Ten months or more after receiving this money and making this acknowledgment, Kelly brings this suit.
In his petition, with reference to the money thus paid him, he charges that G. G. Nelson, who handed him the money, was a stockholder in the company and at the time made him believe it was for wages due him; that he (Kelly) is not able to read, and that if the receipt he signed by making his mark and other recitals in it than the acknowledgment of money for wages, they were placed there *986 without his knowledge or consent, and are a fraud on his rights.
While admitting in his testimony that the document he signed, at the time the money was paid to him, was read to him, he claims he did not understand from the reading that he was renouncing whatever right he had to sue for damages.
Yet he confesses he went to Nelson and asked him if he was going to help him any.
On being recalled he testified, over objection, that it was not his intention, in accepting the money, to surrender his right to sue the company for injuries received while in its service, and that while the receipt was read to him, it was not explained, and he did not understand it.
On the other hand Mr. Nelson testifies he both read and explained the receipt to Kelly, telling him what it was, and paid him the money.
Ferguson, the President of the Company, testifies he gave Nelson the money to pay Kelly and the receipt for him to sign, and that this was done after Kelly had been to him a half dozen times asking for money. He says he told Kelly the company owed him nothing except his wages, but was willing to give him something beyond the sum due for wages, and the amount of §25.00 was finally agreed on between them; that §25.00 was the amount he (Kelly), himself,' said he ought to have.
It thus appears that Kelly, some weeks after he was hurt, deliberately sought compensation from the officials of the company, and after repeated visits and requests for money accepted §25.00 and signed a receipt which was read to him, and according to Nelson, whose testimony we fully believe, explained to him.
This was in settlement of whatever claim he had against the company.
It was writing and as an agreement of compromise, for preventing a lawsuit and adjusting differences by mutual consent, meets the requirements of Civ. Code, art. 3071.
Thereafter Kelly was without legal right to sue, and, having sued, the settlement referred to, made under the circumstances as detailed, could well be pleaded in bar of the action.
This ease is easily differentiated, in the facts constituting the compromise settlement, from the case of Lampkin v. Railroad Co., 42 La. Ann. 1000, 8 South. 530.
Judgment affirmed.