LAND, J.
This is the second suit instituted by the plaintiffs for damages for the death of their son, who was killed while working in one of the mills of defendant.
The first suit was dismissed on a plea of compromise settlement, as in case of non-suit. The plaintiffs in said suit did not assail said settlement on the ground of fraud, error, or mistake, and did not offer to return the money received by them. The object of the nonsuit was to enable the plaintiffs to sue to rescind the compromise.
In the present action the plaintiffs assail the act of compromise on the ground that plaintiff P. P. Massey was induced by the fraudulent ■ representations of defendants’ agents to -believe that the release signed by him was a receipt for insurance money due on a policy or contract held by his son; and that he could not read the document, which was not read to him by any one, nor its contents made known to him.
Defendant pleaded the judgment in the first suit as res judicata and also filed an exception of no cause of action. Defendant also pleaded the compromise as an estoppel. The exception was overruled, and after trial judgment was rendered in favor of the defendants, rejecting the demands of the plaintiffs, who have appealed.
The plaintiff P. P. Massey signed in the presence of F. K. Jenny and F. R. Wiiliams an instrument' reading as follows:
“Release.
“For the sole consideration of the sum of two hundred and no/100 dollars, this 14th day of September, 1910, received from W. R. Pickering Lumber Company, I do hereby acknowledge full satisfaction and discharge of all claims, both for liability of employer and for all half wages or insurance accrued or to accrue, in respect of all injurious results direct or indirect, arising or to arise from an accident sustained by Leo Massey on or about the 6th day of September, 1910, while in the employment of the above. It is expressly understood and agreed that the consideration expressed above is the sole consideration of this release and the consideration stated herein is contractual, and not a mere recital; and all agreements and understandings between the parties are embodied and expressed therein.”
The compromise settlement was made by P. P. Massey, with F. R. Williams and F. K. Jenny a,t one sitting. Williams was superintendent of the company, and- Jenny was an insurance adjuster. The latter testified that the insurance due the son amounted to $117, and that the balance of the $200 was for the release of all other claims. Massey testified that during the conference he said that he did not want “pay for his son.” Jenny’s version is that Massey said that he knew he could get damages, but he did not' believe-that kind of money did a man any good; that he did not want blood money. Williams testified that the conversation was between Jenny and Massey, but that he heard the latter say that he did not like that kind of money ; that it did not do anybody any good. It is evident from the testimony of the three witnesses that compensation for the death of the son was referred to during the conference, and that Massey was averse to receiving “pay for his son,” as he expressed it. Such being his feelings, on the subject, it is not strange that he was willing to forego his. claim for damages for a nominal compensation. Massey received $83 in excess of the insurance due his son, and could not have been ignorant of that fact. The foregoing facts repel the allegation that Massey was fraudulently induced to believe that the com *691 promise included, only the claim for insurance. The testimony of both Williams and Jenny was to the effect that the document was read in a distinct and audible voice in the presence of Massey, and Jenny also testified that Massey read the document before signing. Plaintiff’s plea that he did not read the instrument, and signed it, thinking it merely an insurance receipt, is on all fours with a similar plea which was brushed aside by the court in Antoine v. Smith, 40 La. Ann. 568, 4 South. 321.
“Transactions [or compromises] have, between the interested parties, a force equal to the authority of things adjudged. They cannot be attacked on account of any error in law or any lesion.” Civil Codo, art. 3078.
It is Hornbook law that a compromise made in good faith will not be set aside for inadequacy of the price. 8 Cyc. 504-512,
Plaintiffs’ claim for damages, being a joint acquisition during the marriage, fell into the community. Civil Code, art. 2402. The husband as head and master of the community had the undoubted right to make the compromise in question. Civil Code, art. 2404.
Judgment affirmed.