(80 South. 890)

No. 21484.

FRAZIER v. LOUISIANA CENTRAL LUMBER CO. et al.

(Feb. 3, 1919.)

(Syllabus by Editorial Staff.)

1. RELEASE 57(1) — VALIDITY — PROOF.

In a servant's action for personal injury, wherein defendant pleaded a compromise, and where plaintiff denied the compromise, although his signature was attached thereto in two places, and where three witnesses testified to regularity and validity of compromise and payment of money to plaintiff, the compromise was proved.

2. MASTER AND SERVANT 185(22)—NEGLIGENCE OF FELLOW SERVANT—LIABILITY OF MASTER.

Where the sole cause of any injury to an employé was clearly due to the fault and negligence of a fellow servant in signaling an engineer to hook a log before plaintiff had attached his hook in the other end, the master was not liable.

Appeal from Thirtieth Judicial District Court, Parish of Caldwell; George Wear, Sr., Judge.

Action by Noah Frazier against the Louisiana Central Lumber Company and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Joel M. Durham, of Rayville, George Wear, Jr., of Jena, and H. T. Hair, of Columbia, for appellant.

Stubbs, Theus, Grisham & Thompson, of Monroe, for appellees.

SOMMERVILLE, J. Plaintiff sued for damages for personal injuries alleged to have been inflicted through the negligence and fault of defendants.

Defendants answered, admitting the injury, and that plaintiff was employed by the lumber company, defendant, at the time of the accident, but denied negligence or fault on its part, and alleged that plaintiff and a fellow employé were negligent and at fault. They further pleaded that a compromise had been entered into between plaintiff and the lumber company.

There was judgment in favor of defendants, and plaintiff has appealed. He has not prosecuted his appeal by printed or oral argument.

Plaintiff and the physician who attended him were the only witnesses called on his behalf.

[1] Plaintiff denied the compromise, although his signature was attached thereto in two places. Three witnesses testified to the regularity and validity of the document, and the payment of $25 thereunder by defendant lumber company to plaintiff. The compromise was proved.

[2] The testimony of plaintiff showed clearly that the accident was entirely due to the fault of a fellow servant. Defendants placed no witnesses on the stand on this point, and submitted the case on the testimony of plaintiff.

Plaintiff testified that he and Joe Daniel were tong hookers engaged in loading logs on a car; that Daniel signaled too soon to the engineer to raise the log, and after he (Daniel) had attached his hook in the end near him, which was before plaintiff had at-

tached his hook in the other end, as he was intending to do; further, that the engineer in response to Daniel's signal, started the engine and raised the end of the log which had been hooked, and that that had the effect of throwing the other end of the log on plaintiff and injuring him.

The sole cause of the injury to plaintiff was clearly due to a fellow servant's negligence and fault, which exempts defendants from liability. Towns v. V. S. & P. R. R., 37 La. Ann. 630, 55 Am. Rep. 508.

The judgment appealed from is affirmed.