171 So. 440

**SELLWOOD et al. v. PHILLIPS et al.**

No. 34098.

Nov. 30, 1936.

Lester Wilson, of Shreveport, for appellant R. P. Harris.

Chandler & Chandler, of Shreveport, for appellees.

HIGGINS, Justice.

This is a proceeding in which certain co-owners of real estate are seeking a partition in kind of the property. All of the defendants except one agreed to the partition. The remaining defendant, in his answer, denied that the plaintiffs had legal title to the property, averring that a certain compromise agreement, through which they acquired title, was not valid because of errors of law and fact and lesion beyond moiety. He also denied that the property was susceptible of division in kind, being valuable oil land.

During the trial of the case on the merits, defendant urged the point that the property could only be partitioned by licitation, and

thereupon counsel for the other co-owners agreed to have the court order the property sold, in order to effect a partition.

The district judge ordered a partition by licitation. The defendant, in the motion for a new trial, pointed out that the plaintiffs only asked for a partition in kind in their petition and contended that the court was without authority to go beyond the plaintiffs' prayer. The district judge then ordered a partition in kind.

Defendant appealed.

█ The sole attack upon the validity of the plaintiffs' title is the alleged invalidity of the compromise agreement through which the defendants directly and indirectly conveyed to plaintiffs their respective interests.

Defendant's answer sets forth that he had mortgaged the property for $3,000, and foreclosure proceedings were instituted in June, 1927, when the property was sold by the bank which held the mortgage; that he employed counsel and agreed to transfer to him, as compensation for his services, one-half of the property recovered in order to vindicate defendant's title to the land; that the citation in the foreclosure proceedings was defective and illegal; that the description of the property had been illegally changed by erasing "Section 20 and inserting Section 23," in the writ of seizure in the foreclosure proceedings; that the property was never in custodia legis, because of the alleged faulty description; that in the compromise agreement dated October 8, 1935, the litigation with reference to the alleged irregularities was settled on the basis of a proration of the title to the property;

and that this was contrary to the agreement with the attorney who was employed for the purpose of vindicating the defendant's title to the entire property.

The trial judge excluded the evidence tendered by the defendant with reference to the alleged errors of law and the defense of lesion beyond moiety.

Article 3071 and article 3078 of the Revised Civil Code provide:

"3071. A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.

"This contract must be reduced into writing."

"3078. Transactions have, between the interested parties, a force equal to the authority of things adjudged. They can not be attacked on account of any error in law or any lesion. But an error in calculation may always be corrected."

Under the above articles, the trial judge therefore properly excluded the evidence offered for the purpose of showing that there were errors of law and that there was lesion beyond moiety. See, also, Massey v. W. R. Pickering Lumber Co., 136 La. 688, 67 So. 552; Buckelew et al. v. Wyche et al., 162 La. 67, 110 So. 91; Williamson v. Amilton, 13 La.Ann. 387.

█ While the answer makes the general averment that the defendant entered into the compromise agreement "due to errors

of fact," there are no specific averments as to what those errors were. There is no charge or intimation that there was an error in calculation or that the compromise agreement was superinduced by fraud, misrepresentation, or deception on the part of the plaintiffs or any one else. Defendant made no effort to amend or supplement his answer and has never requested permission to do so. The most general averment of the answer is a mere conclusion of the pleader and insufficient to admit any evidence with reference to alleged errors of fact, and, therefore the trial judge correctly excluded defendant's tender of evidence on that score. 49 C.J., § 39, Verbo,"Pleadings"; Masters v. Cleveland, 182 La. 483, 162 So. 51; State v. Hackley, Hume & Joyce, 124 La. 854, 50 So. 772; Brenard Mfg. Co. v. Gibbs (La.App.) 119 So. 483; Rooks v. Williams, 13 La.Ann. 374; Buckelew v. Wyche, supra; Seghers v. Lemaitre, 5 La. Ann. 263; Article 1823, R.C.C.

The law is clear that known mineral lands are not susceptible of division in kind. Gulf Ref. Co. v. Hayne et al., 138 La. 555, 70 So. 509, L.R.A.1916D, 1147, Ann. Cas.1917D, 130; Connette v. Wright, 149 La. 478, 89 So. 626.

The testimony of defendant's witnesses is to the effect that the property is located about a mile. from the northwest end of what is generally called the Rodessa Oil Field, but a considerable distance from any producing well. This evidence is insufficient to establish the fact that the property is known mineral land.

The law and jurisprudence is well-established in this state that a co-owner of real estate cannot be compelled to hold it in indivision. C.C. art. 1289. In the instant case, the plaintiffs and all of the defendants, except Harris, were willing to have a partition either in kind or by licitation.

Defendant Harris makes the point that his contract with his attorney required him to secure a 100 per cent. vindication of the title to the property, but that his attorney was successful in vindicating only a portion of the title to the property, resulting in the compromise agreement.

Plaintiffs counter by saying that the contract specifically provides that the attorney was to receive one-half of "any" property recovered, indicating that the parties contemplated either a total or a partial recovery of the property. Regardless of the merits of the defendant's contention on this score, it is clear that under the compromise agreement he received, in addition to his pro rata of the title to the property, considerable cash, which he has not offered to return or tendered. Therefore, he enlarged the provisions of the contract of employment with his attorney, or, at least, estopped himself from denying that the contract authorized a partial vindication of title to the property. He certainly cannot retain the advantage obtained through the compromise agreement and at the same time repudiate his part of the obligation.

For the reasons assigned, the judgment appealed from is affirmed at appellant's costs.

O'NIELL, C. J., concurs in the decree but not in the unqualified statement that known mineral lands are not susceptible of division in kind.