## DAVIS v. WHATLEY et al.*

### No. 1730.

Court of Appeal of Louisiana. First Circuit.

June 30, 1937.

*Rehearing denied July 30, 1937.

Carlos G. Spaht and Fred G. Benton, both of Baton Rouge, for appellant.

Laycock & Moyse and Albritton & Hardin, all of Baton Rouge, for appellees.

DORE, Judge.

Plaintiff alleges that he was injured on June 9, 1936, while pushing a two-wheel cart along the north side of South Boulevard street in the city of Baton Rouge, going in a westerly direction, when he was struck from the rear by a car owned by the Nehi Bottling Company, Inc., and driven by its employee, Curtis F. Whatley. Several grounds of negligence are charged against the driver of the car, who, it is alleged, was acting in the scope of his employment with said company at the time of the accident. The suit is against the driver of the car, the bottling company, as his employer, and also against the insurer of the car, the Indemnity Insurance Company. The amount of the claim is $2,776.

Plaintiff alleges in his petition that on the day after the accident, his arm, injured in the accident, caused him so much pain that he realized that it was necessary for him to consult a physician; that, being without funds, he called on said Whatley for the purpose of getting assistance for medical treatment; that Whatley called in the representative of the insurance company and this representative gave him $5 with which to employ a physician; that at the time of this payment, the representative of the insurance company required him to sign by making his mark on a document, which document purports to be a full settlement and release on account of the injuries suffered by plaintiff on the date stated. A copy of this receipt is annexed to the petition, made part thereof to show rem ipsam, and is as follows:

"Release

"Received of Nehi Bottling Company and C. F. Whatley and Ind. Ins. Co. of N. A. this 10th day of June, 1936, the sum of Five and no/100 dollars ($5.00) in full satisfaction and extinguishment of all claims and causes of action arising out of any damage or loss, direct or indirect, or bodily injuries known or unknown, sustained by me in consequence of an accident on or about the 9th day of June, 1936, at corner of Fannie St. and S. Blvd., City of Baton Rouge, La."

Plaintiff alleges that said receipt and release is void and without effect for the reason that he is an uneducated negro, unable to read and write, and unable to understand documents, and that he did not know that he was granting a full release when he made his mark on said document, but thought that the document was merely a receipt for the $5 paid him at the time so that he could obtain necessary medical treatment. He further alleges that this payment was made the day after the accident when he was suffering great pain and before he had been examined or treated by a doctor, and that the sole purpose of the payment was to enable him to get a doctor; that the payment was made before plaintiff or defendants could know the nature and extent of plaintiff's injuries.

Plaintiff further alleges that the defendant, the insurance company, through its representative, knew that he was in great pain and without funds to secure medical attention and, knowing that plaintiff was unable to read and write, proceeded to consummate what purported to be a final settlement of the claim; that the insurance company was aware of the manner in which plaintiff had been injured and knew that the injury was due to the gross negligence of Whatley, and knowing that the injuries were of such a nature as to totally incapacitate plaintiff for the time, and in all likelihood might become more serious, nevertheless proceeded to make a settlement for the meager consideration of $5; that said amount is not a serious consideration.

Defendants filed exceptions of no cause or right of action which were sustained by the trial court. Plaintiff has appealed from the judgment of dismissal.

The exceptions seem to have been sustained on the ground that the petition does not contain sufficient allegations to invalidate the release which plaintiff admits signing by his mark and a copy of which is

annexed to his petition. If this release is binding on the plaintiff, it is obvious that he is now precluded from recovering any further damages on account of his alleged injury.

Article 3078 of the Civil Code provides that a compromise or transaction has, between the interested parties, a force equal to the authority of the thing adjudged. Such a compromise cannot be attacked on account of error of law or for any lesion. But such a compromise or transaction, under article 3079, may be rescinded whenever there exists an error in the person or on the matter in dispute.

The courts of this state have uniformly upheld compromise entered by parties after an opportunity has been given for full consideration, and where no fraud, concealment, or error of fact has been present. Counsel for defendants cite several cases where the courts of this state have upheld such compromises, including the following: Kelly v. Homer Compress Co., 110 La. 983, 35 So. 256; Massey v. Pickering Lumber Co., 136 La. 688, 67 So. 552; Beck v. Continental Cas. Co. (La.App.) 145 So. 810; Russ v. Union Oil Co., 113 La. 196, 36 So. 937; Young v. Glynn, 171 La. 371, 131 So. 51; Brewster v. Byram & Co., Inc. (La.App.) 149 So. 118.

A careful reading of the above cases will show that the compromises therein attacked were upheld because the court found from the evidence in the cases that the compromises had been effected and releases signed by the plaintiff after a full opportunity had been given for discussion and consideration, and where the claimant was aware of the nature of the rights which he was settling, and where there was no fraud, concealment, or error of fact present.

For instance, in the case of Kelly v. Homer Compress Co., supra, the court found as a fact that Kelly signed a receipt for $25 in full settlement of his claim after the matter had been fully explained to him and where he knew the purpose of the settlement. In the case of Massey v. Pickering Lumber Co., also supra, the court found as a fact that the plaintiffs accepted $83 in full settlement of their claim after due consideration and realizing for what purpose the money was paid to them. In the case of Beck v. Continental Cas. Co., the plaintiff accepted $25 in full settlement of his claim for $1,000 for the loss of an eye, and the court upheld the settlement for the reason that the proof shows that the claimant had full oppor-

tunity of knowing and did know for what purpose the payment was made and the receipt given. The other cases cited likewise show that the plaintiffs in those cases were fully informed and understood the nature of the settlement.

Particularly is this true in the case of Brewster v. Byram & Co., supra, on which defendants put great stress. In that case the claim was settled by paying plaintiff $78, plus a doctor's bill of $50 and a hospital bill of $40. The full release given by plaintiff was attacked by him on the ground that at the time he signed the final receipt he could not read and write and was told that he was merely signing a receipt for the money then paid him; that the contents of the receipt were not read to him nor explained to him, but that he was persuaded to sign the receipt under the persuasion and cajoling of the representative of the defendant. The court found from the evidence that the amount was paid and the settlement made after due consideration and discussion between the parties and that there was no mistake of fact on the part of plaintiff when he signed the release.

Accepting the allegations of fact as true in this case, as we must for the purpose of the exceptions, we must find as a fact that plaintiff was unable to read and write and did not understand the nature of the document which he signed nor the purpose for which the $5 was paid to him; that he thought that this amount was paid to him in order to assist him in getting medical attention. Whether or not these allegations in the petition are true is a question of fact to be determined after the evidence is heard on this point and issue joined.

If the plaintiff was laboring under the mistake of fact on the matter in dispute as his petition alleges and signed a receipt for a full settlement when he thought that the receipt was for money to pay a doctor, and if he had no opportunity to know the nature of the receipt as he alleges, there would be such a mistake of fact on his part relative to the matter in dispute and on such a material part of the contract as to justify the conclusion that the minds of the parties did not meet, and consequently the agreement would not be a binding compromise. C.C. art. 3079; Corpus Juris, vol. 12, p. 351, § 49; Reed v. Holderith, 3 La.App. 378. Whether or not the facts will justify setting aside this agreement of

compromise can only be determined after the facts are before the court.

However, as plaintiff is seeking to set aside the alleged compromise agreement, it is incumbent on him to place the parties in statu quo by returning or tendering the amount which he received in the alleged compromise settlement. Corpus Juris, vol. 12, p. 355, § 57; Ackerman v. McShane, 43 La.Ann. 507, 9 So. 483; Johnson v. Shreveport Waterworks Co., 109 La. 268, 33 So. 309.

After the filing of the exceptions of no cause or right of action, it was permissible for plaintiff to file a supplemental petition making proper allegations of the return or tender of the amount received. The filing of the exception did not have the effect of joining issue, and the trial court had the right, in the furtherance of justice, to permit the filing of supplemental pleadings to correct the allegations of tender. Commercial National Bank v. Smith, et al., 150 La. 234, 90 So. 581.

For these reasons, the judgment sustaining the exceptions of no cause or right of action is hereby reversed, annulled, and set aside, and the said exceptions overruled; and the case is hereby remanded to the lower court for trial in accordance with the views herein expressed, reserving to the plaintiff the right to file, within thirty days after our judgment becomes final, supplemental pleadings to show the return or tender of the amount received by him in the alleged compromise agreement; defendants-appellees to pay the costs of this appeal, all other costs to await the final determination of the suit.