BOLIN, Judge.
Plaintiff sues North American Contracting Company and certain underwriters at Lloyd’s of London seeking the return of $1,750 from North American and $7,125 as damages from the underwriters at Lloyd’s. From judgment sustaining a plea of res judicata filed by Lloyd’s, plaintiff appeals. Lloyd’s has filed in this court a plea of prescription of one year, which was also filed in the lower court but not passed upon. North American filed an exception of no cause of action which was overruled and is not at issue on the appeal.
Since the lower court assigned no written reasons for its findings, we shall review the facts as we appreciate them.
It is alleged and undisputed that on or about April 13, 1962, Lloyd’s insured Nichols Southern Division Yuba Consolidated Industries, Inc., against liability in connection with its construction of an Interstate Highway through Shreveport, Louisiana. It is further alleged that, on the aforementioned date, an employee of Nichols negligently operated a heavy earth-moving machine too near plaintiff’s building, which was damaged by the vibrations from the machine.
Plaintiff alleges Nichols admitted liability and sent R. L. Saucier, Jr., an officer of North American Contracting Company, to LeCompte in order to estimate the damage; that Saucier estimated the amount necessary to repair the damage to be $1,750; that plaintiff executed a release in favor of Nichols and its insurer upon payment of the .$1,750. It is further alleged the repair work was done by North American *660 and Saucier to whom plaintiff paid the $1,750 received from the insurer.
Plaintiff contends the release was executed in error in that the damage was more extensive than Saucier had indicated. He alleges the building has recently begun to crack at the ceiling, foundation and walls and to properly repair the building would require expenditure of $7,125.
Plaintiff seeks to have the compromise settlement between himself and Nichols and its insurer set aside, contending it was executed in mutual error, and asks for judgment against Nichols and its insurer for $7,125.
On June 12, 1964, Lloyd’s filed an exception of res judicata, attaching to it the release and compromise executed in authentic form by plaintiff on November 14, 1962. The plea of prescription of one year filed by Lloyd’s in the lower court was based on an allegation that damage to plaintiff’s building admittedly occurred in April 1962 and suit was not instituted until November 1963.
. The case was set down for the taking of evidence on the exception of res judicata and the plea of prescription. The evidence consisted of certain documents filed in the record, including the authentic release or compromise, a copy of the draft in the sum of $1,750 purporting to be full payment to plaintiff, an affidavit of Morris S. Burns, an adjuster, and the discovery depositions of Alex LeCompte and R. L. Saucier, Jr. Based upon this evidence, the lower court sustained the plea of res judicata, thus obviating the necessity of passing upon the plea of prescription, and we shall first direct our attention to the correctness of this ruling.
Appellant contends a release or compromise is but a contract and that such contract, if based on mutual error, is subject to being set aside. In support of this argument we have been cited to Appleman, Insurance Law & Practice, Vol. 6, Sec. 3979 as well as to Louisiana Civil Code Article 3079, the latter providing:
“A transaction may be rescinded notwithstanding, whenever there exists an error in the person or on the matter in dispute. It may likewise be rescinded in the cases where there exists fraud or violence.”
Cited by appellant to substantiate his position are the following cases:
Brooks v. Griggs Casing Crews, Inc. (La. App. 2 Cir., 1961) 136 So.2d 693;
Beck v. Continental Casualty Company (La.App. 2 Cir., 1933) 145 So. 810;
Davis v. Whatley (La.App. 1 Cir., 1937) 175 So. 422;
Lervick v. White Top Cabs (Orl.App. 1942) 10 So.2d 67;
Misuraca v. Metropolitan Life Ins. Co., 199 La. 867, 868, 7 So.2d 167 (1942);
Hayward v. Carolina Ins. Co., et al. (La. App. 1 Cir., 1951) 51 So.2d 405.
We have carefully examined the cases cited by the appellant and find that all are distinguishable from the case under consideration.
■ A reading of the release and compromise filed in evidence convinces us it was intended to be a full and final settlement of any and all claims which plaintiff had against Nichols and its insurer resulting from the alleged damage to his building occurring in April 1962. This authentic instrument provides, among other things:
“It is understood and agreed that this settlement is the compromise of a doubtful and disputed claim, and that the payment made is not to be construed as as admission of liability on the part of the party or parties hereby released, and that said releasees deny liability therefor and intend merely to avoid litigation and buy their peace.”
By reference to the affidavit of Morris S. Burns it becomes apparent that Burns’ *661 only contact with Saucier was to employ him as an independent appraiser of the damage to plaintiff’s building which could serve as a basis for subsequent settlement negotiations. The affidavit indicates Saucier was not hired by Burns to make any repairs but only to render an expert opinion as to the nature and extent of damage.
Burns left the compromise agreement with plaintiff for him to execute at his leisure. After this was done the release was forwarded to California and a draft was subsequently issued in California and forwarded to LeCompte. The draft was issued on November 20, 1962, endorsed and cleared the bank on November 26, 1962. The contract that plaintiff entered into with North American to repair his building was not entered into until November 27, 1962. Thus, it is apparent plaintiff did not enter into a contract until after he had received his money from Lloyd’s.
According to LeCompte’s deposition, he was contacted by Burns after he had reported the matter to his own insurance company and had been referred to the liability insurers of Yuba. Upon contacting the latter insurers, LeCompte said Burns told him he intended to send Saucier to inspect the damage allegedly caused to the building. LeCompte was present when Saucier came out for the inspection; he further admitted that when he signed the release he understood it was a full release.
The contract entered into between plaintiff and North American for the repair of the building is an entirely separate matter from the appraisal made by Saucier, who was the President and apparent manager of North American. This contract between plaintiff and North American was entered into by plaintiff of his own free will and accord after having received bids from other contractors for the repair work.
Louisiana Civil Code Article 3079, by its very terms, requires an error “in the person or in the matter in dispute.” We find no error in the instant case. The only error relied on by plaintiff was Saucier’s expert appraisal which, by its very nature, was merely an opinion document Under no view of this case are we able to conclude there has been an error sufficient to justify rescission of the agreement. The insurer had the damage appraised by an independent appraiser and this estimate was undoubtedly used by both parties as a basis for compromising and adjusting the alleged loss.
Having affirmed the lower court in sustaining the exception of res judicata, we pretermit any discussion on the plea of prescription filed in this court.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.
Affirmed.