578 So.2d 537 (1991)
AETNA CASUALTY AND SURETY COMPANY, Plaintiff-Appellant,
v.
Barbara LANDRY, Defendant-Appellee.
No. 89-1204.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1991.
*538 Raggio, Cappel, Chozen & Berniard, Christopher M. Trahan, Lake Charles, for plaintiff-appellant.
Jones, Jones & Alexander (Jennifer Bercier), Cameron, for defendant-appellee.
Before STOKER, KNOLL and KING, JJ.
KING, Judge.
The sole issue presented by this appeal is whether the trial judge was correct in granting defendant's peremptory exception of res judicata and dismissing plaintiff's suit.
Aetna Casualty and Surety Company (hereinafter plaintiff) brought suit against Barbara Landry (hereinafter defendant) seeking to recover $20,000.00 it had paid to her, pursuant to the Louisiana Worker's Compensation laws, as settlement of a death claim for her son's death. Defendant filed a peremptory exception of res judicata and sought dismissal of plaintiff's suit.
After a hearing, oral reasons for judgment were given by the trial judge and judgment was rendered in favor of defendant and against plaintiff sustaining the exception and ordering the suit dismissed. A formal written judgment was signed. Plaintiff timely filed a devolutive appeal. We affirm.

FACTS
The following facts were stipulated by the parties at the hearing of the exception.
Defendant's son, Vernon Jackson (hereinafter Jackson), died from an accident sustained while in the course and scope of his employment with Norwood Construction Company, Inc. (hereinafter Norwood). Plaintiff was the worker's compensation insurer for Norwood at the time of the accident. After Jackson's death, plaintiff's adjuster contacted defendant to inquire about Jackson's survivors. Defendant told the adjuster that Jackson's father was dead, that Jackson had been married three times, that Jackson had one legitimate child, Theresa Jackson, that Jackson was divorced from this child's mother, and that Jackson had not been paying child support for this child. Defendant also told the adjuster that, at the time of his death, Jackson was living with, but not married to, Tammie Choate, who was pregnant with his child.
The adjuster concluded that defendant was entitled to the $20,000.00 death benefit, as provided by Louisiana Worker's Compensation law, as Jackson's surviving parent. A check was issued to defendant which stated on its face that it was in payment for a death benefit, that it was for the claim of Jackson, and that the insured *539 was Norwood. Defendant endorsed the check and negotiated it.
Approximately seven months later, Tammie Choate filed suit against plaintiff claiming that she and her child, Mindy Rae Choate, were Jackson's legal dependents and entitled to benefits pursuant to the Louisiana Worker's Compensation law. That suit was compromised and Choate received worker's compensation benefits from plaintiff for herself and her child.
Subsequently, plaintiff filed this suit against defendant alleging that the payment made to defendant constituted a payment in error of a thing not due and seeking return of the money it had paid defendant.
Defendant filed a peremptory exception of res judicata alleging that the payment was made in settlement and compromise of a claim and that the compromise has the effect of a final judgment.
After a hearing on the motion, the trial judge sustained defendant's exception and dismissed plaintiff's suit. The trial judge found that plaintiff's adjuster knew all of the facts and made an error of law, when he concluded that the money for the death benefit was owed to defendant rather than to Tammie Choate and her unborn child, and that the payment was made to defendant as a compromise of any claim she might have against plaintiff resulting from Jackson's death. A formal written judgment was signed sustaining defendant's exception and dismissing plaintiff's suit.
It is from this ruling that plaintiff appeals contending that the payment made to defendant was not a compromise and can only be construed as a payment of a thing not due. Defendant contends that a compromise took place and it cannot now be attacked because of an error of law.

LAW
The Louisiana Worker's Compensation law provides for death benefits to be paid to the legal dependent of the deceased employee, who are actually and wholly dependent upon him for support, or if there is no legal dependent, to each of the surviving parents of the deceased employee. At the time of the payment to defendant, La.R.S. 23:1231 provided that:
"For injury causing death within two years after the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided. If the employee leaves legal dependents only partially actually dependent upon his earnings for support at the time of the accident and death, the weekly compensation to be paid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents in the year prior to his death bears to the earnings of the deceased at the time of the accident.
"However, if the employee leaves no legal dependents, the sum of twenty thousand dollars shall be paid to each surviving parent of the deceased employee, in a lump sum, which shall constitute the sole and exclusive compensation in such cases."
In the instant case, plaintiff clearly had a legal obligation to pay a worker's compensation death benefit. Pursuant to the Louisiana Worker's Compensation law, plaintiff owed death benefits to someone. The question was whether the money was owed to defendant or to Choate and her unborn child.
Louisiana Civil Code Article 3071 states in pertinent part that:
"A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
"This contract must be either reduced into writing ..."
Transaction and compromise are synonymous terms in the Louisiana Civil Code. Hill v. Hill, 173 La. 574, 138 So. 107 (1931); *540 Audubon Ins. Co. v. Farr, 453 So.2d 232 (La.1984).
The effect of a compromise between parties is set forth in Louisiana Civil Code Article 3078:
"Transactions have, between the interested parties, a force equal to the authority of things adjudged. They can not be attacked on account of any error in law or any lesion. But an error in calculation may always be corrected." (Emphasis supplied.)
Louisiana Civil Code Article 3079 further provides that:
"A transaction may be rescinded notwithstanding, whenever there exists an error in the person or on the matter in dispute. It may likewise be rescinded in the cases where there exists fraud or violence."
The defense of compromise or transaction may be properly raised through the peremptory exception of res judicata. Murphy v. Hoffpauir, 540 So.2d 573 (La. App. 3 Cir.1989), writ den., 544 So.2d 406 (La.1989); Boudreaux v. Leblanc, 517 So.2d 911 (La.App. 3 Cir.1987), and cases cited therein.
The check given to defendant by plaintiff stated on its face that it was in payment for a death benefit, that it was for the claim of Jackson, and that the insured was Norwood. There was no specific release language on the check and no separate release was presented to defendant or signed by her. Defendant endorsed and negotiated plaintiff's check. The check was clearly given to compromise the obligation of plaintiff to pay a claim for death benefits under the Louisiana Worker's Compensation Act. As the Louisiana Supreme Court stated in Audubon Ins. Co., supra, in discussing what was necessary to constitute a compromise:
"Despite the absence of a specific release, there is no question that an accord and satisfaction took place between Paul and Allstate when she negotiated Allstate's draft. There was a disputed claim, a tender of a certain amount in settlement of that claim and an acceptance. Henriques v. Vaccaro, 220 La. 216, 56 So.2d 236 (1951). LSA-C.C. art. 3071, in pertinent part, defines a compromise as an agreement for preventing a lawsuit by which parties adjust their differences in writing. The only formal essential for a compromise is a writing. Antoine v. Smith, 40 La.Ann. 560, 4 So. 321 (1888). The check here recites that the insured is Edward Farr and the claimant Donna Paul; and it was issued `in payment of property damage of 6-1-78' in the amount of $4,000. It was signed by an agent of Allstate Insurance Company and endorsed by Donna Paul. It is clearly a written compromise of Paul's claim against Allstate. By endorsing and negotiating Allstate's draft, Paul compromised her claim against that company and its insured. Frazier v. Louisiana Central Lumber Company, et al., 144 La. 599, 80 So. 890 (1919) ..." Audubon Ins. Co. v. Farr, 453 So.2d 232, at page 234 (La.1984).
A person who has paid money to another by mistake, thinking he owed a debt, may reclaim what he has paid. La.C.C. Art. 2302. A person who receives what is not due him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it. La.C.C. Art. 2301. A thing not due is that which is paid on the supposition of an obligation which did not exist. La. C.C. Art. 2304. Negligence per se is not a bar to recovery for payment of a thing not due. Tischler v. City of Alexandria, 471 So.2d 1099 (La.App. 3 Cir.1985); contra: Pennsylvania Casualty Co. v. Brooks, 24 So.2d 262 (La.App. 1 Cir.1945); Talbot v. Douglass Moving & Warehouse Company, 228 So.2d 222 (La.App. 3 Cir.1969), writ den., 255 La. 247, 230 So.2d 94 (1970); Mongrue v. State Farm Mut. Auto., etc., 396 So.2d 466 (La.App. 4 Cir.1981).
When plaintiff's adjuster contacted defendant, he clearly intended to resolve the claim for a death benefit arising on account of Jackson's death by paying the death benefit and closing his file. A compromise for consideration to settle a claim cannot be attacked for an error of law even though the compromise and payment might have been made in error. It was stipulated by *541 the parties to this matter that, at the time defendant was given the death benefits check, that plaintiff's claims representative knew that Jackson was living with Tammie Choate at the time of his death, and that Tammie Choate was expecting a child. The claims representative issued the check to defendant, based on his erroneous legal conclusion that an illegitimate child and a concubine would not be entitled to death benefits, to compromise a claim for death benefits by defendant. There was no error in the person of defendant or on the matter to be resolved and there was no fraud or concealment on the part of defendant. In fact, it was defendant who informed the claims representative of Ms. Choate's relationship with her deceased son. Therefore, plaintiff's error of law cannot be the basis for setting aside the compromise of defendant's death benefits claim. Matthew v. Melton Truck Lines, Inc., 310 So.2d 691 (La.App. 1 Cir.1975). It is also well established that subsequent developments, such as the lawsuit of Ms. Choate, which reveal an error of law on the part of either or both of the parties will not invalidate the agreement. Eaglin v. Southern Kraft Corporation, 200 So. 63 (La.App. 2 Cir. 1940); Spears v. St. Charles Dairy, 194 So. 738 (Orl.App.1940). Defendant did not initiate the settlement negotiations; plaintiff's claim representative contacted her. Defendant did not conceal facts or commit fraud; plaintiff's adjuster had all of the facts but made an error of law. The fact that plaintiff compromised the claim by paying the wrong person is an error of law and, pursuant to Civil Code Article 3078, it cannot be attacked.
We find that the stipulation of facts and evidence before the trial judge furnished a reasonable factual basis for his finding that plaintiff intended a transaction or compromise, even though it was made because of an error of law. The trial judge further found that this transaction or compromise could not be attacked because of an error of law. We will not disturb these findings absent manifest error. Murphy v. Hoffpauir, supra. Thus, we hold that the trial judge's grant of the peremptory exception of res judicata was correct.
For these reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to plaintiff-appellant.
AFFIRMED.