| iDECUIR, Judge,
dissenting.
The release executed by plaintiff specifically releases Paula Morvant. However, despite the clear and unambiguous language of the release agreement specifically discharging Paula Morvant, the majority, contrary to the law as set forth by this court in Wells v. Hartford Acc. & Indem. Co., 437 So.2d 295 (La.App. 3d Cir.), writ denied, 443 So.2d 582 (La.1983)., allows parole evidence to vary the terms of the release agreement. Furthermore, despite plaintiffs’ alleged intention to grant only a limited release as to Paula Mor-vant, thereby executing the release under an error of law, plaintiffs’ intention as to Paula Morvant in executing the release is not relevant in determining the legal result of the release. La.Civ.Code art. 3078; Aetna Casualty & Surety Co. v. Landry, 578 So.2d 537 (La.App. 3d Cir.1991).
Since Elson Morvant was sued under a theory of vicarious liability for the negligence of his minor daughter, the release instrument released the vicariously liable Elson Mor-vant. Furthermore, plaintiffs’ release of El-son and Paula Morvant as a matter of law released their insurer, State Farm. For res judicata purposes, the insured and the insurer not only share the same quality as parties, *704 but in essence their identities are virtually merged into one to the extent of the policy limits. Hannie v. Wall, 569 So.2d 1044 (La.App. 3d Cir.1990), writ not considered, 573 So.2d 1116 (La.1991). I fail to see how Han-nie, supra is distinguishable when, as in Hannie, the only thread connecting State Farm to plaintiffs’ suit is the claim against its insured who is only vicariously liable for the negligence of his daughter who was released by virtue of the release agreement.
For the foregoing reasons, I respectfully dissent.